UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-619-DMG (KK)** | Date: | January 31, 2018 |
|---|---|---|---|

| Title: | ***Steven Wayne Feldman v. Los Angeles Federal Courthouse*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed without Prejudice as Premature [Dkt.1]**

I.
**INTRODUCTION**

On January 9, 2018, Petitioner Steven Wayne Feldman ("Petitioner") constructively filed[1] a <u>pro se</u> Petition for Writ of Habeas Corpus (the "Petition"). Petitioner challenges his pretrial confinement at West Valley Detention Center and potential conviction. ECF Docket No. ("Dkt.") 1 at 2-3.[2] For the reasons set forth below, the Court finds the Petition is subject to dismissal without prejudice because it is premature. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

///
///

---

[1] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] The Court refers to the pages of the Petition as they are consecutively numbered by the Court's electronic docketing system.

## II.
## BACKGROUND

On December 11, 2017, Petitioner was arrested on an out-of-district warrant from the Western District of Texas and arraigned in the Central District of California.  United States v. Feldmann, 2:17-MJ-3110-DUTY (C.D. Cal. Dec. 11, 2017), Dkts. 1, 3.[3]  The warrant issued following the filing of a criminal complaint charging Petitioner with a violation of 18 U.S.C. § 875(c).  Id., Dkt. 3; Dkt. 3-1, Compl.  The complaint alleges Petitioner left a series of threatening and harassing voicemails for a United States District Court Judge.  Id., Dkt. 3-1, Compl. at 2, 4-6.

Petitioner made his initial appearance and was ordered detained.  Id., Dkt. 4, Minutes of Arrest.  In addition, the court ordered that the Bureau of Prisons conduct an examination of Petitioner's mental competency under 18 U.S.C. § 4241.  Feldmann, 2:17-MJ-3110-DUTY (C.D. Cal. Dec. 19, 2017), Dkt. 13, Order for Mental Examination at 1-2.  Pursuant to the parties' stipulation, the court also ordered the continuance of all proceedings under Federal Rule of Criminal Procedure 5, and deemed the time period from Petitioner's initial appearance on December 11, 2017 to the date of the hearing pursuant to 18 U.S.C. § 4241(a) excluded for purposes of the Speedy Trial Act.  Feldmann, 2:17-MJ-3110-DUTY (C.D. Cal. Dec. 19, 2017), Dkt. 12, Order at 1-3.

On January 9, 2018, while detained at the West Valley Detention Center in Rancho Cucamonga, California, Petitioner constructively filed the instant pro se Petition. Dkt. 1, Pet. Petitioner challenges his pretrial confinement at West Valley Detention Center and potential conviction in the "Los Angeles Federal Courthouse" for "unnecessary phone calls" to judges. Id. at 2-3.

## III.
## DISCUSSION

Pursuant to 28 U.S.C. § 2241 ("Section 2241"), district courts have jurisdiction "to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting 28 U.S.C. § 2241(a), (c)(3)).  A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).

On the other hand, 28 U.S.C. § 2255 ("Section 2255") "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 in the "sentencing

---

[3]       The Court takes judicial notice of Petitioner's other proceedings in this District.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). However, where a petitioner has not been convicted and sentenced, a court does not have subject matter jurisdiction to consider a Section 2255 petition. See United States v. Pirro, 104 F.3d 297, 298-99 (9th Cir. 1997).

Under the "escape hatch" of Section 2255, there is an exception to the general rule that a Section 2255 challenging the legality of detention must be filed in the sentencing court. See 28 U.S.C. § 2255(e); Harrison, 519 F.3d at 956. However, a federal prisoner may only proceed under the "escape hatch" if he demonstrates the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Harrison, 519 F.3d at 956.

Here, Petitioner has filed a petition in the custodial court. Petitioner does not challenge the conditions of his confinement. Rather, the Petition seeks to challenge a yet to be determined conviction and sentence. Hence, the Petition is subject to dismissal for lack of subject of subject matter jurisdiction because Petitioner has not been convicted and sentenced.[4] See Pirro, 104 F.3d at 298; see also Hernandez, 204 F.3d at 864. Further, Petitioner may not proceed under the Section 2255 "escape hatch" because Petitioner has not demonstrated that his remedy under Section 2255 is "inadequate or ineffective," nor exhausted the Section 2255 procedure. See Pirro, 104 F.3d at 298-99; see also Harrison, 519 F.3d at 956.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[4]     While it is currently unclear whether Petitioner will be prosecuted in the Western District of Texas or the Central District of California pursuant to Federal Rule of Criminal Procedure 20, even assuming this Court will ultimately have subject matter jurisdiction as the sentencing court for a Section 2255 petition, the Petition is premature because Petitioner has not been convicted and sentenced.

## IV.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed without prejudice as premature by filing a written response **no later than February 21, 2018.**

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a Notice of Dismissal form.**

**The Court expressly warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as premature, for lack of jurisdiction, and/or failure to prosecute and comply with court orders.** See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk ___